[Cite as *State v. Shanks*, 2013-Ohio-2708.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JAMES W. SHANKS | : | Case No. 12-COA-043 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No 12 CRI 083

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        June 26, 2013

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

PAUL T. LANGE        ERIN N. POPLAR
110 Cottage Street        1636 Eagle Way
3rd Floor        Ashland, OH  44085
Ashland, OH  44805

*Farmer, J.*

{¶1}  On July 26, 2012, the Ashland County Grand Jury indicted appellant, James Shanks, on one count of domestic violence in violation of R.C. 2919.25, one count of intimidation of a victim in violation of R.C. 2921.04, and one count of abduction in violation of R.C. 2905.02.  Said charges arose from an incident between appellant and his girlfriend, Barbara Baker.

{¶2}  Pursuant to a negotiated plea agreement, appellant pled guilty to the intimidation count on August 10, 2012.  The remaining two counts were dismissed.  By judgment entry filed October 19, 2012, the trial court sentenced appellant to thirty-six months in prison.

{¶3}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}  "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO THE MAXIMUM PRISON TERM."

I

{¶5}  Appellant claims the trial court erred in sentencing him to the maximum prison term.  We disagree.

{¶6}  Appellant cites R.C. 2953(G)(2) for this court's standard of review:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶7}   In *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, ¶ 4, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence: "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶8}   Appellant pled guilty to one count of intimidation of a victim in violation of R.C. 2921.04, a felony of the third degree.  Pursuant to R.C. 2929.14(A)(3), felonies of the third degree are punishable as follows:

(3)(a) For a felony of the third degree that is a violation of section 2903.06, 2903.08, 2907.03, 2907.04, or 2907.05 of the Revised Code or that is a violation of section 2911.02 or 2911.12 of the Revised Code if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code, the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.

(b) For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.

{¶9}   R.C. 2953.08(G)(2)(a) does not apply in this case; therefore, appellant must demonstrate his sentence was contrary to law under subsection (G)(2)(b).  In its judgment entry filed October 19, 2012, the trial court specifically stated it considered the provisions of R.C. Chapter 2929, including R.C. 2929.11.   The trial court properly applied postrelease control and sentenced appellant within the permissible range of sentences under R.C. 2929.14(A)(3).  Accordingly, the thirty-six month sentence is not clearly and convincingly contrary to law.

{¶10} Appellant argues he should not have been sentenced to the maximum sentence of thirty-six months because the facts do not warrant such a sentence. Although appellant acknowledges he has an extensive criminal history, he argues it is "nearly all related to his struggles with substance abuse." Appellant's Brief at 5. He argues at the time of the incident, he was under a lot of stress as his home was in foreclosure and his mother recently had passed away.

{¶11} R.C. 2929.11 governs overriding purposes of felony sentences and states as follows:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

> (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and

consistent with sentences imposed for similar crimes committed by similar offenders.

{¶12} During the sentencing hearing, the trial court informed appellant of this standard. October 15, 2012 T. at 13-14. The trial court was concerned with the likelihood of appellant committing future crimes and the continued threat to the public, noting he had a history of criminal conduct, including domestic violence convictions dating back to 1991. *Id.* at 14. The trial court listed appellant's prior criminal record as "assault, assault, assault, domestic violence, domestic violence, assault, assault, assault" and noted he had "served already a fair amount of prison time." *Id.* In fact, appellant committed the offense sub judice while under supervision. *Id.*

{¶13} While appellant argues he would be better served with substance abuse treatment as opposed to incarceration, protecting the public and punishment are the focus of R.C. 2929.11, not rehabilitation. This was not appellant's "first time at the rodeo." He has had ample opportunities to seek treatment and rehabilitate himself over the years.

{¶14} Upon review, we find the trial court did not err in sentencing appellant to the maximum sentence.

{¶15} The sole assignment of error is denied.

{¶16} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

_____

_____

_____

JUDGES

SGF/sg 620

[Cite as *State v. Shanks*, 2013-Ohio-2708.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAMES W. SHANKS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-COA-043 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. Costs to appellant.

_____

_____

_____

JUDGES